

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 31, 2015

The Honorable Robert H. Trapp
San Jacinto County District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331-0403

Opinion No. KP-0013

Re: Commencement of term of office of a person elected sheriff as a successor to an individual who was appointed to fill a vacancy in that office (RQ-1227-GA)

Dear Mr. Trapp:

You ask about the date on which a newly-elected sheriff should take office as successor to a person who was appointed to fill a vacancy in the office.[1] You tell us that in January of 2013 the sheriff of San Jacinto County passed away less than a week into his new term. Request Letter at 1. You state that the county commissioners court then appointed a replacement to serve as sheriff until a new sheriff could be elected at the next general election in 2014. *Id.*; *see* TEX. LOC. GOV'T CODE ANN. § 87.041(a)(4), (c) (West Supp. 2014) (authorizing a commissioners court to fill vacancies in certain county offices, including that of sheriff, by appointing a person to "hold office until the next general election"). You explain that the appointed sheriff was defeated in the primary election leading up to the November 2014 general election. Request Letter at 1. The issue is whether the newly-elected sheriff was entitled to assume office in November 2014, upon receiving a certificate of election[2] or on January 1, 2015, with the appointed incumbent remaining in office until that date. *Id.* at 1–2.

The term of office of a county sheriff is four years. *See* TEX. CONST. art. V, § 23 (creating the office of county sheriff). The regular term of an elective county office, including that of sheriff, "begins on January 1 of the year following the general election for state and county officers." TEX. GOV'T CODE ANN. § 601.003(a) (West 2012). Likewise, the person elected to a regular term of office "assume[s] the duties of the office on, or as soon as possible after, January 1 of the year following the person's election." *Id.* § 601.003(b). By contrast, a person elected "to an unexpired term of an office is entitled to qualify for and assume the duties of the office immediately and shall

---

[1] *See* Letter from Honorable Robert H. Trapp, San Jacinto Cnty. Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 14, 2014), http://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] A certificate of election is prepared for each candidate elected to an office for which the official result is determined by a canvassing of results by a local canvassing authority. TEX. ELEC. CODE ANN. § 67.016(a) (West 2010). The certificate must contain certain information such as the "candidate's name," the "office to which the candidate is elected," and a "statement of election to an unexpired term," if applicable. *Id.* § 67.016(c).

take office as soon as possible after the receipt of the certificate of election." *Id.* § 601.004. Thus, the answer to your question depends on whether the new sheriff of San Jacinto County was elected to begin a regular four-year term or to fill the remainder of an unexpired one.

Chapter 202 of the Election Code governs elections to fill vacancies in elective state and county offices. TEX. ELEC. CODE ANN. § 202.001 (West 2010). Section 202.002 provides that "[i]f a vacancy occurs on or before the 74th day before the general election for state and county officers held in the next-to-last even-numbered year of a term of office, the remainder of the unexpired term shall be filled at the next general election for state and county officers." *Id.* § 202.002(a). A previous opinion of this office addressing a similar question further clarifies that "[i]f the present term of office continues into the next year, then the person who wins the general election has been elected to the unexpired term of the office." Tex. Att'y Gen. Op. No. JM-0579 (1986) at 2 (considering the statutory predecessor to sections 601.003 and 601.004 of the Government Code).

As you have stated, the vacancy in the office of San Jacinto County Sheriff occurred less than a week into a four-year term that began on January 1, 2013, and will end on December 31, 2016. Request Letter at 1. Thus, after the November 2014 general election the term of office continued into the next year and beyond. Furthermore, the original vacancy occurred more than 74 days before the general election in 2014, the next-to-last even-numbered year in the current term. *See* TEX. ELEC. CODE ANN. § 202.002(a) (West 2010). Therefore, the election held in 2014 for San Jacinto County Sheriff was for the remainder of an unexpired term, and pursuant to section 601.004 of the Government Code, the newly-elected sheriff was entitled to qualify for and assume office as soon as possible after receiving the certificate of election in November 2014.[3]

---

[3]You suggest that Attorney General Opinion GA-0263 may be dispositive. *See* Request Letter at 2. Opinion GA-0263 involved a sheriff elected as successor to a person who had been appointed to fill a vacancy in that office. Tex. Att'y Gen. Op. No. GA-0263 (2004) at 1. Because the sheriff had been elected in 2004 "for the four-year term beginning on January 1, 2005," this office concluded that the sheriff was entitled to assume the office on January 1, 2005, pursuant to section 601.003 of the Government Code. *Id.* at 1–3. Attorney General Opinion GA-0263, however, is distinguishable from the situation you describe because that opinion involved the election of a sheriff to a regular term.

## S U M M A R Y

The election for San Jacinto County Sheriff held in 2014 was to fill a vacancy for the remainder of an unexpired term. Therefore, pursuant to section 601.004 of the Government Code, the newly-elected sheriff was entitled to qualify for and assume office as soon as possible after receiving the certificate of election in November 2014.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee